UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-31006
Summary Calendar
_____


DAN C. FRISARD; KIM FRISARD,

                                   Plaintiffs-Appellants,

                    versus

DEBRA ROJAS,

                                   Defendant-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(CA 97 129 A)
_____
July 17, 1998


Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

     The district court dismissed the plaintiffs' complaint based

on lack of subject-matter jurisdiction and, alternatively, on

comity toward a Louisiana family court.  We affirm.

                              I.

_____

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court properly concluded that it lacked federal question jurisdiction. Plaintiffs argue that federal question jurisdiction was proper based on constitutional violations as well as violations of a federal anti-stalking law. The plaintiffs' complaint does not allege any substantial federal question. No state action supports the plaintiffs' federal constitutional claims, and thus, these claims were properly dismissed based on want of jurisdiction. *See Blouin v. Loyola Univ.*, 506 F.2d 20 (5th Cir. 1975). Similarly, the Frisards' federal antistalking claim does not raise a substantial federal question and was properly dismissed. *See Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 342-43 (5th Cir. 1977). No federal statute provides civil remedies for stalking.

## II.

The district court concluded that it lacked jurisdiction over the plaintiffs' diversity claims because the amount in controversy did not exceed $75,000. *See* 28 U.S.C. § 1332(a). In response to the district court's order to show cause why their complaint should not be dismissed for lack of the requisite amount in controversy, the plaintiffs attempted to provide documentary evidence of their claim for common law damages and also argued that the amount in controversy was satisfied by the value to them of the injunctive relief sought. On appeal, plaintiffs challenge the district

court's amount-in-controversy ruling on the sole basis that the requisite amount in controversy is satisfied by the value to them of the injunctive relief they seek. *See Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444 (5th Cir. 1971) (explaining the value-to-plaintiff rule). In concluding that the requisite amount in controversy was lacking, the district court impliedly found that the value to the plaintiffs of the injunction they sought was less than $75,000. That implied finding was not clearly erroneous. *See Wellness Community v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995).

## III.

Accordingly, we AFFIRM the judgment of the district court.[2]

---

[2] Because we affirm the dismissal based on lack of subject-matter jurisdiction, we need not address whether the district court's dismissal order was also proper based on comity.